UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AGI SURETRACK, LLC,

    Plaintiff,

v.

OPISYSTEMS INC., INTEGRIS USA, LLC, SETH TACKETT, and ADAM WEISS,

    Defendants.

Case No. 23-2372-HLT-GEB

## MEMORANDUM AND ORDER

On December 3, 2024 the Court held a scheduled discovery conference to hear arguments and address: 1) Defendants' Motion to Stay Case Pending Decision by the Judicial Panel on Multi-District Litigation ("Motion to Stay") (ECF No. 133); and 2) Defendants' Motion for Extension of Time to Answer Interrogatories and Respond to Requests for Production ("Motion for Extension of Time") (ECF No. 135). Plaintiff appeared through counsel Ryan Justin Schletzbaum and Maxwell C. McGraw. Defendants appeared through counsel Jay M. Dade.

After reviewing the parties' briefing on Defendants' request to stay this case pending a transfer decision in the MDL case, and hearing the oral arguments of the parties, for the reasons outlined below, the Court **DENIES** the Motion to Stay **(ECF No. 133.)** While Defendants did not renew their request for extension of time to respond to written discovery (ECF No. 135) after it was denied for lack of conferral (ECF No. 137), in the spirit of judicial economy in addressing the request, for the reasons outline below, the Court **DENIES IN PART AND GRANTS IN PART** the Motion for Extension of Time **(ECF**

1

**No. 135**). The Court also set new discovery deadlines for Defendants to answer interrogatories and respond to the Requests for Production with additional cautionary information.

I.   **Background**

The operative Amended Complaint in this matter involves an alleged breach of an employment contract where Plaintiff, AGI Suretrack, LLC, takes action against OPISystems Inc. ("OPI"), Integris USA, LLC ("Integris") and its former employees Seth Tackett and Adam Weiss alleging breach of employment agreements with Plaintiff, wrongful solicitation of Plaintiff's customers and employees, tortious interference with Plaintiff's business relations, as well as misappropriation of Plaintiff's trade secrets.[1]

The discovery process in this matter began over one year ago during a December 6, 2023 Scheduling Conference and will continue on through June 13, 2025 per the Court's Amended Scheduling Order (ECF No. 128). Following a Status Conference on October 7, 2024 and the entry of the Amended Scheduling Order (ECF No. 128), Defendants filed the two instant motions to extend the fact discovery deadline in this case. On November 21, 2024, the Court denied the request for extension of time to respond to outstanding written discovery (ECF No. 135) without prejudice for lack of conferral and set a discovery conference. The Court issued rulings from the bench as to each motion, and the same are memorialized here.

---

[1] Amended Complaint, ECF No. 75.

## II.  Motion to Stay (ECF No. 133)

The District of Kansas has repeatedly held, cases are not automatically stayed when a party has moved the Judicial Panel on Multi-District Litigation ("MDL Panel") for transfer and consolidation.[2] MDL Rule 1.5 provides as follows: "The pendency of a motion ... before the Panel concerning transfer ... of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." When deciding whether to grant a stay based on a pending motion to transfer or consolidate, courts typically consider three factors: "(1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved."[3] The decision to grant or deny a temporary stay of proceedings pending a ruling by the MDL Panel lies within the court's discretion.[4]

On November 1, 2024, eleven months after the initial scheduling order was entered in this case, Defendants filed a request to transfer and consolidate this case with an MDL case pending in the Western District of Missouri.[5] As a result, Defendants wish to stay the proceedings in this matter until the MDL Panel reaches a decision on their request citing the reason of judicial economy.[6] Plaintiff opposes the stay, arguing it would cause substantial

---

[2] *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL, 2008 WL 4148596, at *1 (D. Kan. Sept. 3, 2008).
[3] *Associated Wholesale Grocers, Inc. v. United Egg Producers*, No. 11-2063-CM, 2011 WL 1113546, at *2 (D. Kan. Mar. 24, 2011).
[4] *Id*.
[5] ECF No. 133 at 1.
[6] ECF No. 133.

3

prejudice to Plaintiff, delay fact discovery for the nonmoving party, and fail to promote judicial economy.[7]

The Court agrees judicial economy would not be preserved by granting a stay of discovery at this time. Plaintiff would suffer prejudice, and the Court can identify no legitimate hardship or inequity to Defendants if discovery were to proceed in this case. The heart of this dispute, and quite frankly most, if not all, of the disputes and delays thus far in this case, is the fact that Defendants have progressively resisted production of relevant discovery involving source code information sought by Plaintiff, needed to support Plaintiff's claims of trade secret violations. While the Court appreciates Defendants' zealousness in resisting production and understands Plaintiff's diligence in seeking production of the same, the Court notes both parties are in agreement that any source code discovery will be time consuming and will require expert involvement and continued consultation.  Such discovery has been determined to be relevant on several occasions and it will have to be produced in some form regardless of transfer or consolidation.  Thus, the Court neither saves time nor promotes judicial economy by granting a stay of production to Defendants. Also, Plaintiff would be prejudiced by awaiting a transfer decision of the MDL Panel because it would further delay discovery. Where conducting the relevant discovery, which would be beneficial in either forum, enhances judicial economy, and for the reasons stated above, the Court **DENIES** the Motion to Stay **(ECF No. 133).**

---

[7] ECF No. 141.

### III.  Motion for Extension of Time (ECF No. 135)

D. Kan. Rule 37.2 provides in part: "The court will not entertain any motion to resolve a discovery dispute ... unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing a motion." When it comes to Requests for Production, parties are obligated to produce not just responsive documents in their possession, but all responsive documents in their possession, custody, or control.[8] Where parties fail to comply with an order of the court regarding discovery, Fed. R. Civ. P. 37(b)(2) permits sanctions against parties failing to comply with an order of the court. It provides the court "may make such orders in regard to the failure as are just."[9]

Here, Defendants requested a 30-day extension from November 18, 2024 to reply to Plaintiff's First Set of Interrogatories and Requests for Production.[10] The Court believes this request, too, centers around production of source code information. The parties only conferred over this request by email, and Defendants rejected Plaintiff's counter-proposal of a 14-day extension along with their other proposed concessions.[11] Plaintiff raised concerns that such an extension would further delay the production of source code discovery, which is needed to begin the lengthy process of review.[12] District Judge Holly Teeter ordered the production of source code information several months prior, during a

---

[8] Fed. R. Civ. P 34; see also *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626 (D. Kan. 1999).
[9] Fed. R. Civ. P. 37(d)(3).
[10] ECF No. 135.
[11] ECF No. 136, Exhibit B.
[12] ECF No. 136 at 2-3.

September 13, 2024 hearing.[13] And prior to the instant hearing, the Court ordered Defendants to "begin a rolling production of the outstanding discovery responses, including responsive interrogatories and requests for production that are not in dispute and/or such discovery where any prior disputes have been resolved regarding production of the same, and such discovery that is within the current and immediate control of Defendants."[14] But Defendants failed to produce *any* discovery to Plaintiff prior to the December 3, 2024 hearing.

As such, the Court **GRANTS** Defendants' Motion for Extension of Time **(ECF No. 135) IN PART AND DENIES IN PART.** Since parties failed to confer, the Motion remains denied for failure to properly confer under D. Kan. R. 37.1. However, because ongoing discovery is warranted, the Court extends deadlines for Defendants' production with additional warning regarding possible sanctions, as set forth below, but declines to grant a full 30-day extension of the production deadline. Such an extension would place parties against the wall of their January 10, 2025 fact discovery deadline, and place both parties in the position of not meeting the deadline upon which they previously agreed, and was previously set by this Court after much discussion. Defendants must understand, source code information must be produced. It is relevant discovery, two separate judges ordered them to begin this process for months now, and their fact discovery deadline is fast approaching.

---

[13] ECF No. 115; September 13, 2024 Hearing Tr., at 8:14-17.
[14] ECF No. 138.

Because Defendants continuously decide not to comply with the prior Court orders, new deadlines are set with sanctions attached if the deadlines are not met. The parties shall convene their IT teams on or before **December 10, 2024** for the purpose of preparing for discovery production regarding the source code information identified in Plaintiff's discovery requests, and as discussed during the conference. Defendants shall also respond to and produce discovery in response to Plaintiff's Requests for Production **no later than December 17, 2024**. New objections to any such discovery requests shall be brought to the Court's attention immediately. For each day Defendants fail to produce discovery past the December 17th deadline, each Defendant will be subject to a sanction of $1,000 per day until such discovery is produced. Lastly, the parties are to submit to the Court a Joint Status Report by **3:00 p.m. on December 20, 2024** which shall include information on the source code discovery, and other responsive discovery produced pursuant to the Court's order, including any additional, outstanding fact discovery, and proposed deadlines to complete fact discovery.

**IT IS SO ORDERED.**

Dated December 11, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
