UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AGI SURETRACK, LLC,

    Plaintiff,

v.

OPISYSTEMS INC., INTEGRIS USA, LLC, SETH TACKETT, and ADAM WEISS,

    Defendants.

Case No. 23-2372-HLT-GEB

# MEMORANDUM AND ORDER AND THIRD AMENDED SCHEDULING ORDER

The operative Amended Complaint in this matter involves an alleged breach of an employment contract where Plaintiff, AGI Suretrack, LLC, brings claims against OPISystems Inc. ("OPI"), Integris USA, LLC ("Integris") and its former employees Seth Tackett and Adam Weiss alleging breach of employment agreements with Plaintiff, wrongful solicitation of Plaintiff's customers and employees, tortious interference with Plaintiff's business relations, as well as misappropriation of Plaintiff's trade secrets.[1]

On January 15, 2025, the Court held a scheduled Discovery Conference to hear arguments and address: 1) the outstanding discovery to date; 2) unresolved written discovery disputes from discovery propounded in October 2024 after parties' conferrals; and 3) all necessary amendments to the discovery schedule. Plaintiff appeared through counsel Ryan Justin Schletzbaum, Maxwell C. McGraw, and Adam O. Lauridsen.

---

[1] Amended Complaint, ECF No. 75.

Defendants appeared through counsel Jay M. Dade and Harry Benson. After reviewing parties' written discovery requests and responses, reviewing parties' Joint Position Statement, hearing parties' oral argument, and upon consideration of applicable law, the Court ordered discovery to be produced in accordance with the following deadlines. The Court's order is memorialized below.

## I.   The Discovery Journey

The discovery process in this matter began over one year ago during a December 6, 2023 Scheduling Conference. Through efforts at resolution, and motion practice, the parties made little progress during 2024 on discovery due to lengthy disputes regarding source code discovery production. During a December 3, 2024 Discovery Conference, the Court ordered Defendants to respond to Plaintiff's First Set of Interrogatories and Requests for Production, propounded in October 2024, as well as the production of relevant source code discovery under threat of sanction, by December 17, 2024 (ECF No. 143). Defendants complied, worked with Plaintiff to produce the source code discovery, and served their responses and objections to Plaintiff on December 17, 2024. The parties submitted a Joint Status Report to the Court on December 20, 2024 identifying additional outstanding discovery and the parties' efforts at meaningful conferral. The report outlined discovery responses and a proposed amended schedule to complete discovery in this matter.

On January 15, 2025 the Court held a scheduled Discovery Conference with the parties and ordered the parties to produce the outstanding discovery and found good cause exists to amended the schedule.

## II.     Outstanding Written Discovery

In their Joint Status Report, the parties advised the Court of several areas of outstanding written discovery to be addressed along with some residual discovery issues from the Court's previous orders. Plaintiff asserted Defendants neither provided documents identified in their Rule 26 Disclosures, despite several requests to do so, nor did Defendants provide a Privilege Log to correspond with the privilege objections lodged in their December 17, 2024 production. Defendants asserted Plaintiff, despite several requests to do so to date, has failed to produce the discovery necessary to identify the trade secrets they allege Defendants misappropriated in support of the claims in the Operative Complaint.

After hearing arguments from the parties, and upon review of the discovery requests and responses, the Court determined neither party produced the discovery requested. As such, the Court ordered Defendants to produce the documents identified in their Rule 26 Disclosures and a Privilege Log, properly identifying the applicable basis upon which the claims of privilege are made, to the Plaintiff no later than **January 17, 2025.** Plaintiff was further ordered to produce discovery relevant to the trade secrets which they allege Defendants misappropriated, and which also support the claims in the operative Amended Complaint no later than **January 17, 2025.**

## III.    Impasse Issues

In the spirit of meaningful conferral, the parties notified the Court of their discussions immediately prior to the Conference. During their conferral, both parties represented they were able to work through a majority of the remaining discovery disputes.

After conferral, the parties remained at impasse on: 1) production of a "Legal Summary" document requested in RFP Nos. 86-89; and 2) the production of source code discovery relevant to "OPI EPIC," ultimately discovered upon Plaintiff's review of Defendants' response to Interrogatory No. 8. Defendants also agreed to supplement their responses to the other outstanding Interrogatories and RFPs Plaintiff raised in a January 8, 2025 conferral letter to Defendants. In light of Defendants' acquiescence, the Court ordered Defendants to supplement responses to Interrogatories Nos. 1, 2, 4, 5, 6, 7, 9, 12, and 15 and RFP Nos. 52, 63, 95, 122, 125-7, 133, 135, 137, and 141 no later than **January 24, 2025.** The Court then addressed the remaining issues where parties indicated they were at an impasse.

### A. The Legal Summary

The gist of Plaintiff's requests in their RFP Nos. 86-89 seek all copies of the "Legal summary, docx" as identified in Defendants' production of Bates Nos. "OPI0100767, OPI0100790, OPI0100799, OPI0100863, OPI0100881, and OPI0100890." In their responses, Defendants objected to request Nos. 86-89 on the basis of attorney-client privilege and the work-product doctrine. During Plaintiff's argument at the instant hearing, they asserted Defendants waived objection to these RFPs where they failed to timely respond. The Court agrees Plaintiff's objections are justified.

After exhaustive disputes, and ultimate resolution with regard to the source code discovery production, Plaintiff argued just because a document is labeled a "Legal Summary" does not automatically protect it under attorney client privilege and bar disclosure. Plaintiff also gave several examples of the excerpts from the relevant Bates

4

Nos. that could indicate the documents they seek in RFP Nos. 86-89 are not, in fact, subject to attorney-client privilege. Also, Plaintiff served their First RFPs on October 18, 2024. Defendants only responded to these requests, under threat of sanctions, on December 17, 2024 after Court order (ECF No. 143). And, although there were numerous objections to Plaintiff's first discovery requests, the six documents produced discussing the "Legal Summary," were not one of them. Where Defendants produced relevant parts of the "Legal Summary" in response to discovery requests that are not in dispute, without any efforts to claw back the discovery on the basis of privilege, and Defendants failed to raise privilege issues, in accordance with well settled legal principles, through the production of a privilege log referencing legally protected portions of the "Legal Summary," the Court finds Defendants waived their privilege objections to RFP Nos. 86-89.

Fed. R. Civ. P. 26(b)(5) mandates "[w]hen a party withholds information ... by claiming that it is privileged ..., the party shall make the claim expressly and shall describe the nature of the documents, communications, or things ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Where a party fails to make this required showing by submitting a privilege log, the Court may deem the privilege waived.[2] Here, the Court and Plaintiff have been unable to review *any* Privilege Log in this matter, even in bare bones fashion, to date. The Court does not take waiver of privilege rulings,

---

[2] *In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005); *See also Employer's Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan.2003) (citing Haid v. Wal–Mart, Inc., No. 99–4186, 2001 WL 964102, at *2 (D. Kan. June 25, 2001); *Starlight Int'l, Inc. v. Herlihy*, No. 97–2329, 1998 WL 329268, at *3 (D. Kan. June 16, 1998)).

particularly where it may involve attorney-client communications, lightly. However, where productions were made on December 17, 2024, Defendants had the necessary time to submit an accompanying document that complies with the provisions of Fed. R. Civ. P. 26(b)(5). Because they failed to do so, the Court finds Defendants' privilege assertions are waived. Further, "[c]ourts will grant no greater protections than the holder of the privilege grants themselves."[3] Where a party voluntarily discloses the substance of their privileged communications, attorney-client privilege is waived.[4] Plaintiff asserted, and Defendants did not dispute, that Bates Nos. "OPI0100767, OPI0100790, OPI0100799, OPI0100863, OPI0100881, and OPI0100890" reference relevant parts of the "Legal Summary" document and were produced, without a claw back request, by Defendants on December 17, 2024. Where Defendants voluntarily disclosed some detail of this document, and failed to claw it back a month later, the Court cannot grant them greater protection than they did themselves, and Defendants' privilege objections are waived. Thus, the Court ordered the "Legal Summary" document be produced in 24 hours, no later than **January 16, 2025.**

B.   **OPI EPIC Source Code**

Plaintiff's RFP No. 8 requests "any code module" former AGI employees had any "input, commentary, or other review capacity on since September 12, 2022." Defendants' response lists code module "OPI EPIC." Plaintiff notes this code was not produced in the

---

[3] *United States v. Ryans*, 903 F.2d 731, 741 n. 13 (10th Cir. 1990); *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 426 (D. Kan. 2009).
[4] *In re Quest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006) (quoting United States v. Ryans, 903 F.2d 731, 741 n. 13 (10th Cir.1990)); *Lawson v. Spirit AeroSystems, Inc.*, 410 F. Supp. 3d 1195, 1206 (D. Kan. 2019).

December 17, 2024 productions and Defendants do not dispute this either. Defendants did not object to production, but had not provided a date certain. The Court ordered the relevant code module for "OPI EPIC" be produced no later than **January 24, 2025.**

IV.     **Third Amended Scheduling Order**

After discussion with the parties and review of their briefing to date, the Court finds, where there is still pertinent outstanding fact discovery on both sides that must be produced in order for the parties to meaningfully work up their respective cases on behalf of their clients, there is good cause to enter an Amended Scheduling Order. But the parties are on notice they are strongly discouraged from seeking further amendment. The Court amends the deadlines in this matter as summarized in the following table:

| **Summary of Fact and Expert Discovery Deadlines and Settings** | |
|---|---|
| **Event** | **Deadline/Setting** |
| End of Fact Discovery | **February 28, 2025** |
| Plaintiff's Expert Disclosures | **April 11, 2025** |
| Deadline for all parties to supplement initial disclosures | **40 days before the deadline for completing all discovery** |
| Defendants' Expert Disclosures | **June 13, 2025** |
| Rebuttal Expert Disclosures | **July 11, 2025** |
| All Discovery Completed | **July 31, 2025** |

| Proposed Pretrial Order | **August 8, 2025** |
|---|---|
| Pretrial Conference | **August 15, 2025 at 10 a.m.** |

## V.    Conclusion

After reviewing parties' discovery requests and responses, reviewing parties' Joint Position Statement, hearing parties' oral argument, and upon consideration of applicable law, **IT IS SO ORDERED.** Defendants are to produce the documents identified in their Rule 26 Disclosures and a Privilege Log to the Plaintiff no later than **January 17, 2025.**

**IT IS FURTHER ORDERED**. Plaintiff is to produce discovery relevant to the trade secrets which they allege Defendants misappropriated no later than **January 17, 2025.**

**IT IS FURTHER ORDERED.** Defendants are to produce the "Legal Summary" document no later than **January 16, 2025** and the relevant code module for "OPI EPIC" no later than **January 24, 2025**.

**IT IS FURTHER ORDERED.** The amended schedule set forth above be entered.

**IT IS SO ORDERED.**

Dated January 17, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge
