IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AGI SURETRACK, LLC,

        Plaintiff,

v.                                        Case No. 23-2372-JWB

OPISYSTEMS INC., INTEGRIS USA,
LLC, SETH TACKETT, and ADAM
WEISS,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion to file an exhibit conventionally and under seal (Doc. 305) and Plaintiff and Defendants' motions to seal an extensive list of briefs and exhibits (Docs. 306, 323, 324, 338, 342, 343, 344).  For the reasons stated herein, Plaintiff's motion to file an exhibit conventionally is DENIED WITHOUT PREJUDICE and Plaintiff and Defendants' motions to seal are DENIED WITHOUT PREJUDICE.

## I.    Facts

This case involves alleged trade secret misappropriation, breach of employment agreements, and related claims arising out of a dispute between competitors in the grain storage monitoring industry.  Plaintiff alleges that OPISystems Inc. and Integris USA, LLC ("Corporate Defendants") hired several of its former employees—including Seth Tackett and Adam Weiss the ("Individual Defendants") (collectively "Defendants")—and used Plaintiff's confidential information and proprietary source code to develop and market competing products.  (*See* Doc. 214.)  The parties have both moved for summary judgment (Docs. 291, 301); both have moved to exclude the testimony of three different experts (Docs. 294, 296, 298); and Defendants' have

1

objected (Doc. 339) to the magistrate judge's report and recommendation ("R&R") (Doc. 308). Both parties have also filed a plethora of motions seeking leave to file under seal many of the briefs in support of the above-mentioned motions as well as the majority of exhibits in support of the same.

## II.    Standard

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978); *Lanphere & Urbaniak v. Colo.*, 21 F.3d 1508, 1511 (10th Cir. 1994)). "This right, however, is not absolute.  The 'presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

"The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.*; *see also Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB, 2020 WL 6742787, at *1 (D. Kan. Nov. 17, 2020) ("The party seeking to seal the documents must articulate 'a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" (quoting *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017))). "[T]he public's interest in access to judicial records is lessened when the contents are not used to determine the litigant's substantive legal rights." *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (internal citations omitted). "'[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006))).  Even when motions to seal are unopposed, the court must independently

decide whether sealing is appropriate. *See McWilliams v. Dinapoli*, 40 F. 4th 1118, 1131 (10th Cir. 2022) ("[T]he right of access protects the public, not just the parties. So [courts] independently decide whether sealing is appropriate even when no party objects."). To meet their burden in their respective motions, Plaintiff and Defendants "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 101858, at *5 (D. Kan. Jan. 10, 2007).

Under D. Kan. Rule 5.4.2(c), motions to seal must include the following:

(1) a description of the specific portions of the document, without attaching the document in question or revealing the confidential information, that the Proponent asks the court to maintain under seal or allow to be redacted, which must be narrowly tailored to the asserted confidentiality interest;
(2) the confidentiality interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders, alone, are insufficient to justify restriction);
(3) a clearly defined and serious injury that would result in the absence of restricting public access;
(4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question; . . .

*See also Bad Rhino Games, LLC v. Turn Me Up Games, Inc.*, No. 23-2303-JWB, 2024 WL 5008619, at *1 (D. Kan. Dec. 5, 2024) (explaining that the Tenth Circuit standards for filing information under seal are "incorporated into this court's rules"); *Uhlig LLC v. CoreLogic, Inc.*, No. 21-2543-DDC, 2024 WL 1703557, at *1 (D. Kan. Apr. 19, 2024) ("The party seeking to deny public access also must comply with our local rule.").

III.    Analysis

Plaintiff has filed four motions to file under seal. (Docs. 306, 324, 338, 344.) All four include the same request to allow the parties to file exhibits under seal when the material has been designated under the protective order previously entered in this case. (Doc. 35.) But merely because documents are designated under a protective order is "insufficient to justify restriction."

3

D. Kan. Rule 5.4.2(c)(2).  Beyond pointing to the protective order, however, Plaintiff asserts only in general terms that the documents contain trade secrets, proprietary information, non-public business information, and other commercially sensitive information, and that public disclosure would cause competitive harm by making that information available to business competitors.  The court has reviewed Plaintiff's arguments, and they do not sufficiently identify a clearly defined harm from the public filing of these voluminous exhibits.  In order to file a document under seal, the party seeking to do so is required to identify "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams*, 849 F.3d at 905 (citation omitted).  Altogether, Plaintiff currently seeks to file over 3,600 pages of briefs and supporting exhibits under seal.  The court will not endeavor to wade through thousands of pages to determine whether any information contained in these documents should be sealed or redacted.[1]  Further, Plaintiff has made no attempt to comply with this court's rule to show why no lesser alternative is practicable, such as merely redacting the portions of the exhibit that contain trade secret information.  Therefore, Plaintiff's motions (Docs. 306, 324, 338, 344.) are denied without prejudice.

Now to Defendants, who have filed three motions to file under seal.  (Docs. 323, 342, 343.)  As with Plaintiff, all three include the same general request to allow the parties to file exhibits under seal when the documents have been marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," asserting that sealing is necessary to comply with the protective order.  Defendants likewise contend, without further elaboration, that

---

[1] Plaintiff has alternatively requested leave to redact certain portions of briefs and documents that it emailed to chambers in compliance with D. Kan. Rule 5.4.2(c).  However, by the court's count, of the approximately 98 briefs and exhibits that Plaintiff seeks to redact, the court has only received approximately 9 documents with redactions properly highlighted in compliance with D. Kan. Rule 5.4.2.  That leaves the court to conclude that Plaintiff wants the remaining approximately 89 documents entirely sealed.  In any event, Plaintiff's motions fall well short of the required showing under D. Kan. Rule 5.4.2 to merit the plethora of redactions it seeks.  That request is, therefore, also denied.

the exhibits contain proprietary, competitive, and commercially sensitive information and that public access would result in clearly defined and severe competitive harm. Again, the court has reviewed Defendant's arguments, and they do not sufficiently identify any clearly defined harm from the public filing of these voluminous exhibits. Defendants have failed to identify "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams*, 849 F.3d at 905 (citation omitted). Altogether, Defendants seek to file almost 1,800 pages of briefs and supporting exhibits under seal and, unlike Plaintiff, Defendants only seek to seal entire documents, rather than redact portions therein. Again, Defendants have failed to comply with the strict requirements under D. Kan. Rule 5.4.2(c). Therefore, Defendant's motions are denied without prejudice.[2]

In summary, the court reminds the parties that litigation in federal court is a fundamentally public exercise. "A trial is a public event. What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). Even if certain items are sealed at this stage of the litigation, they will not be sealed at trial. If this case goes to trial, all the evidence will be public. If parties want to litigate in private, then they should agree to arbitration. That's what arbitration is for. Moreover, these efforts to seal all sorts of documents and briefs place an extraordinary burden on the courts. The parties have asked this court to engage in a detailed review of approximately 5,000 pages of documents in order to determine that each and every page contains material that ought not be subject to the public's right of access to these materials. It might well take longer to do that than to try the whole case. That is an incredible waste of limited judicial resources.

---

[2] The court notes that some of the motions seeking to seal or redact cover the same documents. As such, if the parties intend to file renewed motions, they are encouraged to collaborate in order to identify and reduce duplicative requests.

The court is cognizant that litigants may hold legitimate proprietary interests—trade secrets chief among them—in shielding certain information from public view, and nothing in this order should be read to suggest otherwise. But it is hard to imagine a scenario in which such interests could justify sealing an entire brief, an entire deposition transcript, or an entire expert report. Filings of that nature are not composed wholly of trade secrets or other protectable material; they consist in large part of legal argument, background facts, and procedural matters. Rather, in almost every case there will be far smaller and more concise portions within the whole—such as, a segment of source code—that may clear the high bar required to overcome the common law presumption of public access. That is why this court's local rule requires that any request to seal or redact be "narrowly tailored to the asserted confidentiality interest." D. Kan. Rule 5.4.2(c)(1). Accordingly, any renewed motion must identify the specific portions of each document for which protection is sought and explain why sealing or redacting those portions is justified. *See Burke*, 698 F.3d at 1242 (explaining that a motion to seal or redact must articulate real and substantial interests which justify depriving the public of access to records which inform the court's decision process). Should a renewed motion fail to comply with this strict standard, it will be summarily denied.

## IV.     Conclusion

THEREFORE, Plaintiff and Defendants' motions to seal (Docs. 306, 323, 324, 338, 342, 343, 344) are DENIED WITHOUT PREJUDICE. Any renewed motion to redact must comply with D. Kan. Rule 5.4.2 as to each redaction requested. Accordingly, the clerk is directed to STRIKE Docs. 293, 295, 297, 299, 303, 309, 311, 313, 315, 317, 319, 325, 330, 332, 335, and 340, including all attachments.

FURTHER, Plaintiff's motion to file an exhibit conventionally and under seal (Doc. 305) is DENIED WITHOUT PREJUDICE.  Plaintiff's request to conventionally file the external drive described in the motion is denied because it is unclear to the court for what purpose it needs a complete forensic copy of the original USB drive that contains AGI source code.

FURTHER, counsel for both parties are ORDERED to contact chambers in order to schedule a case management conference to discuss next steps in light of this ruling.

IT IS SO ORDERED.  Dated this 15th day of July, 2026.

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE