IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AGI SURETRACK, LLC,

Plaintiff,

v. Case No. 23-2372-JWB

OPISYSTEMS INC., INTEGRIS USA, LLC,
SETH TACKETT, and ADAM WEISS,

Defendants.

**MEMORANDUM AND ORDER**

On August 12, 2026, the court held a telephonic case management conference with counsel for the parties—James Kernell for Defendants, and Aaron Hankel and Maxwell McGraw for Plaintiff. The purpose of the conference was to discuss the appropriate next steps in this litigation in light of the court's ruling at Doc. 349, which struck much of the briefing and/or exhibits supporting each of the currently pending motions and left the court unable to rule on them.

As discussed on the record and agreed by the parties, the court finds it appropriate to deny the relevant motions and overrule the relevant objections without prejudice to refiling[1] so that the parties may properly address, in the first instance, whether any portions of those materials warrant sealing or redaction. Accordingly, the motions pending at Docs. 291, 294, 296, 298, and 301 are DENIED WITHOUT PREJUDICE and Defendants' objections at Doc. 339 are OVERRULED WITHOUT PREJUDICE.

By **August 28, 2026**, the parties are ORDERED to provide the undersigned's chambers: (1) an agreed proposed scheduling order setting out an updated briefing schedule with deadlines

[1] While at the case management conference the court expressed it would strike the relevant motions and objections and their accompany briefs and exhibits, it believes that denying them without prejudice better accomplishes the courts' and parties' agreed intent.

for refiling the motions and objections denied or overruled above; (2) agreed proposed date ranges, that cover a two-day span, for any necessary *Daubert* hearings; and (3) a proposed new trial date, taking into account the briefing schedule and the anticipated time needed to resolve any motions to seal or redact.[2]

IT IS SO ORDERED. Dated this 13th day of August, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

[2] The court reminds the parties that—as more thoroughly explained in this court's prior order (Doc. 349)—any request to seal or redact court filings must be "narrowly tailored to the asserted confidentiality interest." D. Kan. Rule 5.4.2(c)(1). Any motion to seal or redact must identify the specific portions of each document for which protection is sought and explain why sealing or redacting those specific portions is justified. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) ("[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of [public] access attaches." (internal quotation marks omitted)).